# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: November 13, 2017
Date Decided: December 18, 2017

Megan Ward Cascio, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Thad J. Bracegirdle, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805

Re:  *Kolokotrones v. Ninja Metrics, Inc.*
C.A. No. 12413-VCS

Dear Counsel:

I have reviewed the parties' submissions with respect to Defendant's motion to dismiss. After carefully considering the matter, I have determined that a hearing on the motion will not be necessary. The motion to dismiss is denied, the motion for reargument on Plaintiff's motion for judgment on the pleadings is denied and I will today enter an order implementing the October 11, 2016, bench ruling on the motion for judgment on the pleadings.

Plaintiff, Mark Kolokotrones, filed his Verified Complaint on June 3, 2016, in which he sought a declaration under 8 *Del. C.* § 145(c) that he was entitled to

advancement of his legal fees from Defendant, Ninja Metrics, Inc., in connection with his defense of a cross-claim in an action pending in California, and "fees on fees" in connection with his prosecution of this advancement action.[1]  On July 8, 2016, Plaintiff filed a motion for judgment on the pleadings.  I heard that motion on August 3, 2016.[2]  The parties requested, if possible, that I render my decision in advance of formal settlement discussions that were to occur with regard to the California action.  To accommodate that request, I delivered my decision on Plaintiff's motion for judgment in a bench ruling on October 11, 2016.[3]  In that ruling, I granted Plaintiff's motion and awarded him advancement of his litigation expenses as well as "fees on fees."[4]  I directed the parties to confer and submit an implementing order.[5]

---

[1] Compl. ¶ 1.

[2] DI 15.

[3] DI 18, *Kolokotrones v. Ninja Metrics, Inc.*, C.A. No. 12413-VCS (Del. Ch. Oct. 11, 2016) (TRANSCRIPT) (hereinafter "*Ninja Metrics*").

[4] *Id.* at 22.

[5] *Id.* at 23–24.

No such order was submitted.[6]  Instead, I received Defendant's motion for reargument on October 18, 2016, which Plaintiff opposed by brief filed on October 20, 2016.[7]  Four days later, on October 24, 2016, before I could deliver my decision on the motion for reargument, I received notice of Defendant's filing for bankruptcy and a corresponding stay of this matter pending the resolution of the bankruptcy proceedings.[8]

Status reports supplied by the parties in August of this year, upon my request, informed me that the bankruptcy was still pending and that Defendant had voluntarily dismissed its cross-claim in the California proceedings.[9]  On October 13, 2017, I received notification from Plaintiff's counsel that the bankruptcy court granted relief from the automatic stay so that Plaintiff could "prosecute, to final

---

[6] Plaintiff submitted a proposed order on October 14, 2016, informing me of the parties' inability to join in an order.  DI 19, 20.  Defendant also submitted an order along with its motion for reargument.  DI 23.

[7] DI 21, 25.

[8] DI 27.

[9] DI 29, 30.

judgment or other final resolution" the proceedings in this Court.[10]  On October 25,

2017, Defendant filed its motion to dismiss this matter on grounds of mootness.[11]

To bring about a "final resolution" of this matter, as contemplated by the

bankruptcy court in granting relief from the stay, I first address Defendant's still

outstanding motion for reargument.  That motion is denied.  I was on the verge of

denying the motion at the time Defendant filed its notice of bankruptcy.  The

arguments in the motion for reargument simply rehash those made in opposition to

the motion for judgment on the pleadings, and those arguments were addressed in

my October 11 bench ruling.[12]  Defendant has failed to demonstrate that I

---

[10] DI 34 (Notice of Relief from Automatic Stay) ("Movant is granted relief from the automatic stay under Bankruptcy Code Section 362(a)(1) to prosecute, to final judgment or other final resolution including any appeals, the claims asserted in the case of *Mark Kolokotrones v. Ninja Metrics, Inc.*, C.A. No. 12413-VCS, Court of Chancery of the State of Delaware. This Court shall retain jurisdiction to determine the allowance or disallowance of the claims asserted by Mark Kolokotrones against Ninja Metrics, Inc. under the Bankruptcy Code.").

[11] DI 41.

[12] *Preferred Invs., Inc. v. T & H Bail Bonds*, 2013 WL 6123176, at *4 (Del. Ch. Nov. 21, 2013) ("[M]otions for reargument must be denied when a party merely restates its prior arguments."). Defendant raises the following arguments in its motion for reargument: (1) that the well-pled facts in the pleadings before this Court, along with the facts pled in support of the California cross-claim, support a finding that Plaintiff is seeking advancement with unclean hands and (2) in the alternative, that the Court should preserve

misapprehended a material fact or misapplied the law and, therefore, has not justified relief under Rule 59(f).[13]

With that outstanding motion resolved, I turn next to Defendant's motion to dismiss. That motion is also denied. In the motion to dismiss, Defendant argues that this matter is moot because the underlying claim that gave rise to any advancement right has since been dismissed, and any claim for fees that were incurred in defense of that action must now be brought as an indemnification claim in the bankruptcy court. Plaintiff's argument, however, ignores two important facts: *First* (and foremost), this matter was fully and finally decided on October 11, 2016, with my rendering of a ruling granting Plaintiff's motion for judgment.[14] The only act required to implement that order was the ministerial act of actually entering an

Defendant's ability to scrutinize Plaintiff's fee and expense submissions. DI 21. Those arguments were raised in the briefing on the underlying motion and addressed in the October 11 bench ruling. Def.'s Answering Br. in Opp'n to Pl.'s Mot. for J. on the Pleadings 18–19, 20–22; Opening Br. in Supp. of Pl.'s Mot. for J. on the Pleadings 24–26; Reply Br. in Further Supp. of Pl.'s Mot. for J. on the Pleadings 12–15; *Ninja Metrics*, at 13–17, 19–21.

[13] *Adams v. Calvarese Farms Maintenance Corp.*, 2011 WL 383862, at *3 (Del. Ch. Jan. 13, 2011).

[14] *Ninja Metrics*, at 3.

implementing order. Defendant's attempt to exploit his procedural machinations as a means to prevent Plaintiff from receiving the benefit of the victory he earned on October 11 finds no support in the law or in equity.[15]  *Second*, Plaintiff also earned "fees on fees" in connection with his prosecution of his advancement right. The dismissal of the California cross-claim cannot, under any view of the world, moot that claim.

I can see no basis to allow Defendant to avoid a final determination of this matter, and permit it to relitigate issues that the parties have fully litigated and I have already decided, simply because the Court did not have time to enter an

---

[15] *See Underbrink v. Warrior Energy Servs. Corp.*, 2008 WL 2262316, at \*15 (Del. Ch. May 30, 2008) ("Although Warrior's defenses and counterclaim are colorable, were I now to deny Harrison and Underbrink's advancement request because of their success in the underlying litigation, I effectively would reward Warrior for pressing its counterclaim and other defenses, which have drawn out this advancement action. It would be inequitable to deny advancement to Harrison and Underbrink because they ultimately succeeded in portions of the Texas Proceeding shortly before the conclusion of this advancement action. This is especially true when the prolonged nature of this action is due, in part, to Warrior's, and not Plaintiffs', litigation strategy."); *Infinity Inv'rs Ltd. v. Takefman*, 2000 WL 130622, at \*5 (Del. Ch. Jan. 28, 2000), opinion clarified, 2000 WL 268302 (Del. Ch. Feb. 17, 2000) ("A decision to dismiss this claim merely because the defendants purported to resign after their removal, while allowing them to question the validity of the conversion and subsequent election in this or another jurisdiction, would reward gamesmanship. As equity looks to the intent rather than to the form, this Court should not permit parties to manipulate procedural rules for the purpose of avoiding resolution on the merits.").

implementing order before a stay of the litigation was entered. Based on the foregoing, I deny both the motion for reargument and the motion to dismiss. An order implementing the final decision in this matter, as provided in my bench ruling on October 11, 2016, is attached to this letter and will be entered on the docket today.

Very truly yours,

*/s/ Joseph R. Slights III*